
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES H. DEVLIN,

        Plaintiff,                      No. 04-CV-74192-DT

vs.                                          Hon. Gerald E. Rosen

CHEMED CORPORATION,

        Defendant.
_____/

ORDER DENYING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on         June 15, 2005        

        PRESENT:  Honorable Gerald E. Rosen
                               United States District Judge

      This matter is presently before the Court on Defendant Chemed Corporation's May 24, 2005 Motion for Protective Order in which Defendant asks that the Court enter an order prohibiting Plaintiff from taking the depositions of Art Tucker, Karen Bauer, Mary Busam and David Sparks who are all officers and/or employees of Chemed. The basis for this motion is Defendant's contention that Plaintiff did not timely Notice the depositions within the discovery period.

      As provided in the Scheduling Order in this case,

> All motions to compel disputed discovery or for protective orders, including deposition objections, **must be filed within 14 days of receipt**

>    **or notice of such disputed discovery**. . . . The Court will not entertain such motions beyond this time absent some extraordinary showing of good cause.

Here, Defendant was served with notice of the disputed depositions on April 29, 2005. Defendant admits that it received the deposition notices on May 2, 2005. Therefore, to have been timely, Defendant's Motion for Protective Order had to have been filed on or before May 16, 2005. Defendant's Motion, however, was not filed until May 24, 2005.

Because Defendant's Motion for Protective Order was not timely filed in compliance with the provisions of the Scheduling Order, and no good cause having been shown for Defendant's non-compliance, the Court will not entertain the Motion.

However, even assuming *arguendo* that the Court was inclined to consider the Motion, the discovery cut-off set by the Court in this matter was April 29, 2005. As Defendant admits, Plaintiff served Defendant with Notices of the depositions on April 29, 2005, i.e., the last day of the discovery period. The Scheduling Order provides that "All discovery must be initiated in advance of the discovery cut-off date." Defendant interprets this provision as prohibiting discovery not requested by April 28th, i.e., the day *before* the date set as the discovery cut-off. The Court rejects Defendant's hyper-technical interpretation. "In advance of the discovery cut-off" means that requests for discovery be served before the close of business on the discovery cut-off date, not the day before the discovery cut-off date. Plaintiff here complied with this provision when he

2

served Defendant with Notice of the depositions on April 29, 2005.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion for a Protective Order is DENIED. Accordingly, Plaintiff may take the depositions of Art Tucker, Karen Bauer, Mary Busam and David Sparks.

IT IS FURTHER ORDERED that all of the other previously-set deadlines in this case remain in full force and effect.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: June 15, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 15, 2005, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager