UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES H. DEVLIN,

                Plaintiff,                No. 04-CV-74192-DT

vs.                                            Hon. Gerald E. Rosen

CHEMED CORPORATION,

                Defendant.
_____/

ORDER AFFIRMING MAGISTRATE JUDGE'S
JUNE 24, 2005 ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL PRODUCTION OF FOUR WITNESSES FOR DEPOSITION

        At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       September 21, 2005

        PRESENT:  Honorable Gerald E. Rosen
                           United States District Judge

This matter is before the Court on Plaintiff's Objections to Magistrate Judge Steven D. Pepe's Order denying Plaintiff's motion to compel the deposition of four out-of-state members of the Chemed Board of Directors, Timothy O'Toole, Sandra Laney, Edward Hutton, and Charles Erhardt. Defendant has responded to Plaintiff's Objections. Plaintiff has also filed a "Reply to Defendant's Response."

Having reviewed and considered Plaintiff's Motion and the Magistrate Judge's Order, the Court finds that the Magistrate Judge's rulings were not clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A).

In this lawsuit, Plaintiff James Devlin seeks damages from Chemed Corporation, his former employer, based upon the company's refusal to allow him to exercise his stock options after his employment was terminated.  At issue in this discovery dispute is the Severance Agreement that Devlin entered into in December 2001 shortly before his employment relationship with Chemed was terminated.  That Severance Agreement spells out in detail the various salary and fringe benefit payments to be paid to Devlin upon his termination of employment including paying off approximately $400,000 in principal and interest owed by Devlin on a loan from Fifth Third Bank; payment of $200,936.89 deferred compensation; payment of $108,763.11 to cover three years health insurance for Devlin; payment of a $34,000 bonus; providing him with 7,402 shares of Chemed Stock; and paying up to $50,000 to cover the cost of any legal expenses associated with the Severance Agreement.  Notably, the Agreement contains no provision whatsoever concerning stock options.

Plaintiff claims that the absence of a provision addressing stock options renders the agreement ambiguous and therefore seeks extrinsic evidence concerning the "meaning" of the Agreement and for this purpose has deposed several company employees including CEO Kevin McNamara who was the person who independently negotiated all of the terms of the Severance Agreement with Plaintiff and who executed the Agreement on behalf of the company.  Plaintiff also deposed the company's Employee Benefits Coordinator David Sparks as well as three other management

employees.

By way of the subject Motion to Compel, Plaintiff also sought to depose four members of the Board of Directors. All four of these individuals live out of state -- two are in Ohio, one resides in Florida and one resides in New York. All four Board members have provided sworn affidavits stating that they have no personal knowledge regarding the negotiation of severance or stock option agreements with Mr. Devlin. And, although three of the members did vote in a Board meeting to authorize CEO McNamara to negotiate a severance agreement with Mr. Devlin, one of them -- Timothy O'Toole was not even present when the agreement was authorized and he did not vote on that authorization, at all.

Magistrate Judge Pepe denied Plaintiff's Motion to Compel, finding as follows:

> . . . Plaintiff's counsel provided no evidence that the individuals he sought to depose possess any knowledge of Plaintiff's severance package that could not be obtained more easily from a different source. The court may limit discovery if the information sought "is obtainable from some other source that is more convenient, less burdensome, or less expensive," Fed. R. Civ. P. 26(b)(2)(i). In this case, Plaintiff's counsel failed to show that these individuals could contribute substantially more information than CEO Kevin McNamara, who has already been deposed, or Employee Benefits Coordinator Sparks.

*See* 6/24/05 Order.[1]

When a party seeks to depose high-level decision makers who are removed from

---

[1] Although the Magistrate Judge mistakenly found that the deposition notices had not been timely served, his untimeliness determination did not alter the substance of his finding that Plaintiff failed to demonstrate that the Board members could contribute substantially more information than CEO McNamara.

3

the daily subjects at issue in the litigation, the party must first demonstrate that the proposed deponent has "unique personal knowledge" of facts relevant to the dispute. *Evans v. Allstate Ins. Co.,* 216 F.R.D. 515, 518 (N.D. Okla. 2003); *Baine v. General Motors Corp.*, 141 F.R.D. 332, 334 (M.D. Ala. 1991); *Thomas v. International Business Machines*, 48 F.3d 478, 483-84 (10th Cir. 1995) (upholding protective order barring deposition of top executive where lower level employees were available for deposition and where executive lacked personal knowledge of the matters at issue in plaintiff's case.)

In the absence of a showing of unique personal knowledge, the circuit courts, including the Sixth Circuit, have upheld the entry of a protective order precluding the depositions of high level company executives. *See Lewelling v. Farmer Ins. of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir. 1989) (affirming issuance of protective order based on deponent having no knowledge as to facts pertinent to the plaintiff's action); *see also Thomas v. IBM, supra*; *Bush v. Dictaphone Corp.*, 16 F.3d 363 (6th Cir. 1989).

Given that the record evidence shows that Board's only action with regard to Plaintiff's cessation of employment was to authorize CEO McNamara to negotiate a severance agreement and to authorize a payment amount which the agreement could not exceed, and given that Plaintiff has already deposed persons identified by the company as having knowledge of the areas in which he seeks discovery, and given that Plaintiff has made no showing that the four Board members have any relevant knowledge of the issues

he has identified, the Court finds that the Magistrate Judge's did not err in denying Plaintiff's Motion to Compel.

THEREFORE,

IT IS HEREBY ORDERED that the Magistrate Judge's June 24, 2005 Order is AFFIRMED.

                                s/Gerald E. Rosen
                                Gerald E. Rosen
                                United States District Judge

Dated:  September 21, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 21, 2005, by electronic and/or ordinary mail.

                                s/LaShawn R. Saulsberry
                                Case Manager